# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH NEAL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.<br><br>　　　　　Defendants. | CASE No.   1:11-cv-0795-AWI-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Keith Neal ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. No other parties have appeared in the case.

Plaintiff initiated this action on May 6, 2011. (ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

**I.	SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

-1-

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is currently housed at Avenal State Prison. The events at issue in Plaintiff's Complaint occurred at Wasco State Prison ("WSP"). It appears Plaintiff wants to assert claims under the First and Fourteenth Amendments against the following individuals: 1) California Department of Corrections, 2) M. Diaz, correctional officer at WSP, 3) J. Sutton, Facility "B" Captain, 4) John N. Katavich, Chief Deputy Warden, and 5) P.L. Vasquez, Warden at WSP.

Plaintiff alleges as follows:

On February 15, 2011, Defendant Diaz read Plaintiff's legal mail out loud, loudly enough for other inmates to hear. (Compl. at 4.)

Plaintiff filed an appeal regarding the incident but received no response. (Compl. at 4.) Plaintiff spoke with Defendant Sutton regarding the lack of a response. (Id. at 5.)

Defendant Sutton directed Plaintiff to Defendant Katavich. (Id.) Defendant Katavich sent Plaintiff a letter stating that an appropriate response had already been taken in connection with Plaintiff's grievance. (Id.)

Plaintiff asks for $85,000 in punitive damages, $3,000,000 for emotional distress, and $20,000 for interference with his mail. (Compl. at 4.)

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 Analysis

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

#### B. Claims Against California Department of Corrections and Rehabiliation

The Eleventh Amendment prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the California Department of Corrections and Rehabilitation is a state agency, it is entitled to Eleventh Amendment immunity from suit. Because this Defendant is immune from suit, Plaintiff cannot recover from it. If Plaintiff files an amended complaint, he should omit the

California Department of Corrections and Rehabilitation as a defendant.

### C. 42 U.S.C. § 1983 Linkage Requirement

Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 676-677.

Plaintiff has alleged no facts demonstrating that Defendant Vasquez personally acted to violate his rights. He claims only that another Defendant said something to suggest that Defendant Vasquez might be the one to address Plaintiff's grievance. That tells us nothing about what Defendant Vasquez actually knew or did or should have done. There are no other facts suggesting Defendant Vasquez was even aware of Plaintiff's grievance or concerns, much less that he personally acted to violate Plaintiff's constitutional rights. Plaintiff will be given the opportunity to file an amended complaint curing the deficiencies in this respect.

### D. First Amendment Claim

Plaintiff does not allege the statutory basis for his claims. In his amended complaint, Plaintiff should clearly state the statutory basis for his claims.

He may intend to assert a First Amendment claim based on alleged retaliation. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

1 advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th
2 Cir. 2005).

3       Depending on the contents of Plaintiff's legal document and Defendant Diaz's
4 reading of it aloud, the reading could have constituted an adverse action. If it was
5 Plaintiff's intent to so allege, his amended complaint should explain what was in the legal
6 mail and why Defendant Diaz's revelation of it might be considered an adverse action.

7       The second element of a prisoner retaliation claim focuses on causation and motive.
8 See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his
9 protected conduct was a "'substantial' or 'motivating' factor behind the defendant's
10 conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.
11 1989). Although it can be difficult to establish the motive or intent of the defendant, a
12 plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir.
13 2003) (finding that a prisoner established a triable issue of fact regarding prison officials'
14 retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines
15 v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th
16 Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory
17 intent").

18       Plaintiff has failed to suggest any connection between Defendant Diaz's actions and
19 the exercise of protected conduct by Plaintiff. Due to the lack of facts, there is no basis
20 upon which to conclude that protected conduct by Plaintiff was a motivating factor behind
21 Defendant Diaz's actions.

22       With respect to the third prong, Plaintiff says he was pursuing an appeal. Filing a
23 grievance is a protected action under the First Amendment. Valandingham v. Bojorquez,
24 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is simalayly
25 protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.
26 1985).

27       It is not clear if Plaintiff was engaging in protected conduct in connection with the
28 mailing of his legal documents. Plaintiff does not explain what this appeal was for, whether

it was on a civil or criminal matter, or why these documents were needed in the action.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

Again, depending on the contents of Plaintiff's mailing, Defendant Diaz's actions could have had a chilling effect on Plaintiff, but Plaintiff does not explain how or why Defendant Diaz's reading of his mail might have dissuaded Plaintiff from engaging in future First Amendment activities. Plaintiff should include additional details in any amended complaint.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. Plaintiff has failed to so allege.

Plaintiff has failed to allege a First Amendment retaliation claim. Plaintiff will be given leave to amend this claim.

### E.     Fourteenth Amendment - Due Process

It could also be that Plaintiff intends to allege a claim about the prison grievance process based upon Defendants Sutton and Katavich's alleged failure to process his grievance.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from

restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a particular grievance procedure.

Since the statutory basis of Plaintiff's claims against these Defendants is not clear, Plaintiff will be given leave to amend. In his amended complaint, Plaintiff should provide further details of his claims against Defendants Sutton and Katavich so that the Court may determine if Plaintiff might state a cognizable claim against them.

## IV.   CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with an opportunity to amend to cure the deficiencies in his claim. Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's First Amended Complaint, filed May 6, 2011, is dismissed for failure to state a claim upon which relief may be granted under § 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: February 26, 2013        /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE