1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

10

11 EASTERN DISTRICT OF CALIFORNIA

12
13
14

| | |
|---|---|
| KEITH NEAL, | CASE No.    1:11-cv-0795-AWI-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | (ECF No. 18) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants.           / | |

22        Plaintiff Keith Neal ("Plaintiff") is a state prisoner proceeding pro se and in forma

23   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  No other parties have

24   appeared in the case.

25        Plaintiff initiated this action on May 6, 2011.  (ECF No. 1.)  The Court screened

26   Plaintiff's initial Complaint and dismissed it for failure to state a claim, but gave leave to

27   amend.  (ECF No. 17.)  Plaintiff then filed a First Amended Complaint.  (Am. Compl., ECF

28

-1-

No. 18.)  Plaintiff's First Amended Complaint is now before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

**II.   SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff is currently housed at Valley State Prison.  The events at issue in Plaintiff's Complaint occurred at Wasco State Prison ("WSP").  It appears Plaintiff seeks to assert claims under the First and Fourteenth Amendments[1] against the following individuals: 1) California Department of Corrections, 2) M. Diaz, 3) J. Sutter, and 4) John N. Katavich.

---

[1] Plaintiff refers to a "Fourth Amendment due process" claim in his First Amended Complaint. (Am. Compl. at 3.)  The Court assumes Plaintiff meant to bring a claim under the Fourteenth Amendment, not the Fourth Amendment, and the Court will analyze it as a Fourteenth Amendment due process claim.

1    Plaintiff alleges as follows:

2         On or before February 15, 2011, Defendant Diaz read out loud Plaintiff's legal mail
3    intended for Plaintiff's appellate attorney.  (Am. Compl. at 3.)  Defendant Diaz stated that
4    Plaintiff was a sex offender and "everybody" heard.  (Id.)

5         Defendants Sutton and Katavich processed Plaintiff's inmate grievance regarding
6    the incident, but failed to adequately process the grievance to Plaintiff's satisfaction.  (Am.
7    Compl. at 3-4.)

8         Plaintiff asks for $85,000 in punitive damages, $3,000,000 for emotional distress,
9    and $20,000 for interference with his mail.  (Am. Compl. at 4.)

10   **III.   ANALYSIS**

11        **A.   42 U.S.C. § 1983 Analysis**

12        42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,
13   privileges, or immunities secured by the Constitution and laws' of the United States."
14   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  §
15   1983 is not itself a source of substantive rights, but merely provides a method for
16   vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94,
17   109 S. Ct. 1865 (1989).

18        To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that
19   a right secured by the Constitution or laws of the United States was violated, and (2) that
20   the alleged violation was committed by a person acting under the color of state law.  See
21   West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245
22   (9th Cir. 1987).

23        **B.   Claims Against California Department of Corrections and Rehabiliation**

24        As the Court informed Plaintiff in its original screening order, the Eleventh
25   Amendment prohibits suits against state agencies.  See Natural Res. Def. Council v.
26   California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs
27   Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991); Taylor v. List, 880 F.2d 1040,
28   1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency

-3-

1 entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College
2 Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because the California Department of Corrections
3 and Rehabilitation is a state agency, it is entitled to Eleventh Amendment immunity from
4 suit.  This Defendant should be dismissed from this action.

5         **C.**   **First Amendment Claim**

6       Plaintiff asserts that the Defendants violated his First Amendment rights by
7 retaliating against him after he engaged in protected activities.

8         1.   Standard

9       "Within the prison context, a viable claim of First Amendment retaliation entails five
10 basic elements: (1) An assertion that a state actor took some adverse action against an
11 inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled
12 the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably
13 advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th
14 Cir. 2005).

15       The second element of a prisoner retaliation claim focuses on causation and motive.
16 See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his
17 protected conduct was a "'substantial' or 'motivating' factor behind the defendant's
18 conduct."  Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.
19 1989).  Although it can be difficult to establish the motive or intent of the defendant, a
20 plaintiff may rely on circumstantial evidence.  Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir.
21 2003) (finding that a prisoner established a triable issue of fact regarding prison officials'
22 retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines
23 v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th
24 Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory
25 intent").

26       The third prong can be satisfied by various activities.  Filing a grievance is a
27 protected action under the First Amendment.  Valandingham v. Bojorquez, 866 F.2d 1135,
28 1138 (9th Cir. 1989).  Pursuing a civil rights legal action is similarly protected under the

1  First Amendment.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

2       With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape

3  liability for a First Amendment violation merely because an unusually determined plaintiff

4  persists in his protected activity...."  Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d

5  1283, 1300 (9th Cir. 1999).  The correct inquiry is to determine whether an official's acts

6  would chill or silence a person of ordinary firmness from future First Amendment activities.

7  Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

8       With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison

9  authorities' retaliatory action did not advance legitimate goals of the correctional institution

10 or was not tailored narrowly enough to achieve such goals."  Rizzo, 778 F.2d at 532.

11 Plaintiff has failed to so allege.

12                    2.   Defendant Diaz

13      Again Plaintiff fails to allege facts sufficient to give rise to a cognizable First

14 Amendment retaliation claim against Defendant Diaz.  Plaintiff does not describe his mail

15 sufficiently to enable the Court to tell if it was in fact protected legal mail.  He does not

16 explain what was read and to whom, what reason was given for the reading, or why the

17 reading of the mail should be considered an adverse action.  Plaintiff does state that

18 Defendant Diaz revealed that Plaintiff was a sex offender and under some circumstances

19 that could constitute an adverse action.   But Plaintiff does not say who was told

20 ("everyone", in this context, is not a helpful term), why it should be considered an adverse

21 action, and who heard it.  It is not clear whether this revelation was made during the

22 reading of the mail or otherwise.  Plaintiff's allegations are too vague for the Court to

23 determine if Defendant Diaz engaged in any adverse actions against Plaintiff.

24      Plaintiff also has failed to suggest any connection between Defendant Diaz's actions

25 and Plaintiff's exercise of a protected conduct.  There is no basis upon which to conclude

26 that any protected conduct on Plaintiff's part was a motivating factor behind Defendant

27 Diaz's actions.

28      Finally, Plaintiff fails to allege that Defendant Diaz's actions had any chilling effect

1   on Plaintiff beyond not sending legal mail while Defendant Diaz was on duty.  This does
2   not reflect Plaintiff was prevented or discouraged from sending the mail or engaging in First
3   Amendment activities.

4        Plaintiff has failed to allege a First Amendment retaliation claim against Defendant
5   Diaz.

6        Because of concern that disclosure of Plaintiff's offense to other inmates in
7   response to Plaintiff's exercise of protected First Amendment rights and without any
8   legitimate penological reason for doing so could constitute an adverse action, the Court will
9   give Plaintiff **one final opportunity** to amend to attempt to state a claim based thereon.
10  If Plaintiff chooses to amend, he must set out sufficient facts relating to what precisely was
11  said, to whom it was said, who heard it, the reason, if any, given by Defendant Diaz for
12  making the statement and the effect, if any, of his having made the statement.

13            3.    Defendants Sutton and Katavich

14       Plaintiff alleges  that Defendants Sutton and Katavich retaliated against Plaintiff by
15  not providing Plaintiff with a satisfactory conclusion to his inmate grievance.  Failing to give
16  Plaintiff the result he wanted is not an adverse action; prisoners have no right to a
17  particular result of grievances.  In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth
18  Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure.
19  855 F.2d at 640.  This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003),
20  when the Ninth Circuit observed that inmates do not have a separate constitutional
21  entitlement to a grievance procedure.

22       Plaintiff also does not explain how filing an appeal motivated Defendants to take
23  adverse actions against Plaintiff.  Plaintiff has failed to state a First Amendment claim
24  against Defendants Sutton and Katavich.  Plaintiff has twice been given notice of the
25  deficiencies in his pleading and advised of what was necessary for a proper pleading in this
26  regard.  Accordingly, and considering the facts which have been alleged, no useful purpose
27  would be served by granting an additional opportunity to amend.

28  ///

### D. Fourteenth Amendment - Due Process

Plaintiff also alleges a Fourteenth Amendment due process claim against Defendants Sutton and Katavich based on their alleged failure to process Plaintiff's grievance to his satisfaction.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure.  855 F.2d at 640.  This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure.  Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a particular grievance procedure.  Plaintiff has failed to allege a Fourteenth Amendment due process claim against Defendants Sutton and Katavich.  For the same reasons as stated in the previous section, no further leave to amend will be given.

## IV. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under § 1983.  The Court will provide Plaintiff with one more opportunity to amend to cure the deficiencies in his claim.  Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

1  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state
2  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,
3  Iqbal, 556 U.S. 676-677.  Although accepted as true, the "[f]actual allegations must be
4  [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at
5  555 (citations omitted).

6  Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana,
7  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),
8  and it must be "complete in itself without reference to the prior or superceded pleading,"
9  Local Rule 220.

10  Accordingly, it is HEREBY ORDERED that:

11  1.    The Clerk's Office shall send Plaintiff a complaint form;

12  2.    Plaintiff's First Amended Complaint, filed March 29, 2013, is dismissed for
13        failure to state a claim upon which relief may be granted under § 1983;

14  3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file
15        an amended complaint; and

16  4.    If Plaintiff fails to file an amended complaint in compliance with this order, this
17        action will be dismissed, with prejudice, for failure to state a claim.

18
19  IT IS SO ORDERED.

20  Dated:   May 31, 2013                    /s/ Michael J. Seng
                                         UNITED STATES MAGISTRATE JUDGE
21
22
23
24
25
26
27
28

-8-