# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH NEAL,<br><br>               Plaintiff<br><br>          v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>               Defendants. | CASE NO. 1:11-cv-0795-AWI-MJS<br><br>FINDINGS AND RECOMMENDATION<br>FOR DISMISSAL OF PLAINTIFF'S<br>ACTION FOR FAILURE TO STATE A<br>CLAIM<br><br>(ECF No. 9)<br><br>**OBJECTIONS DUE WITHIN THIRTY<br>DAYS** |

On May 6, 2011, Keith Neal ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

The Court screened Plaintiff's initial and First Amended Complaints and dismissed them for failure to state a claim, but gave leave to amend.  (ECF Nos. 1, 17, 18, 20.) Plaintiff's Second Amended Complaint (Am. Compl., ECF No. 21) is now before the Court for screening.  No other parties have appeared in the action.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

1  thereof, that may have been paid, the court shall dismiss the case at any time if the court
2  determines that . . . the action or appeal . . . fails to state a claim upon which relief may
3  be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4      A complaint must contain "a short and plain statement of the claim showing that
5  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations
6  are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported
7  by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678
8  (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must
9  set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on
10  its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility
11  demands more than the mere possibility that a defendant committed misconduct and,
12  while factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S.
13  at 678.

## II.  PLAINTIFF'S CLAIMS

14      Plaintiff is currently housed at Valley State Prison.   The events at issue in
15  Plaintiff's Complaint occurred at Wasco State Prison ("WSP").  It appears Plaintiff seeks
16  to assert claims under the First and Fourteenth Amendments against M. Diaz, a prison
17  official at WSP.

18      Plaintiff alleges as follows:

19      On February 15, 2011, Plaintiff tried to send documents to an attorney
20  representing him in a criminal appeal.  (Am. Compl. at 3.)  Defendant Diaz took Plaintiff's
21  mail, read it, and announced out loud that Plaintiff was a sex offender.  (Id.)  The inmates
22  around Plaintiff's cell heard Defendant Diaz's announcement.  (Id.)

23      Plaintiff asks for $5,000 in punitive damages, $250,000 for his emotional distress,
24  and $20,000 for the interference with his legal mail.

## II.  ANALYSIS

### A.   42 U.S.C. § 1983 Claims

27      42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,
28  privileges, or immunities secured by the Constitution and laws' of the United States."

2

Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

**B.    First Amendment Claim**

Plaintiff asserts that the Defendant Diaz violated his First Amendment rights by retaliating against him after he engaged in protected activities.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element of a prisoner retaliation claim focuses on causation and motive.  See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct."  Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence.  Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

The third prong can be satisfied by various activities. Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is similarly protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity. . . ." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. Although Plaintiff has failed to so allege, it is hard to fathom a legitimate reason for a correctional officer reading a prisoner's confidential mail out loud to others particularly when, as here, what is read is of a nature as might be expected to expose Plaintiff to an increased risk of harm.

Plaintiff does allege that Defendant Diaz took an adverse action against him by informing other inmates that Plaintiff was a convicted sex offender. He also alleges that he was engaged in protected conduct, trying to send legal mail related to his criminal appeal, when Defendant Diaz read his mail aloud. He asserts that Defendant Diaz's actions had a chilling effect on him.

However, Plaintiff does not meet the second requirement for a retaliation claim. Although he alleges he was engaged in a protected activity (pursuing his criminal appeal), nothing except the proximity in time of the two events suggests that the criminal appeal caused Defendant Diaz to take adverse action against Plaintiff. There is no indication that Plaintiff's appeal was the motivating factor behind Defendant Diaz's actions. Plaintiff has failed to satisfy this prong.

Plaintiff has failed to allege a First Amendment retaliation claim against Defendant Diaz because he has not satisfied the second element necessary to a cognizable retaliation claim.   Insofar as Plaintiff has been given multiple opportunities to file an appropriate complaint and instructions as to what was needed to assert a cognizable claim, he will not be given further leave to amend this claim.

## IV.   CONCLUSION AND RECOMMENDATIONS

Plaintiff's Second Amended Complaint fails to state any claims upon which relief may be granted under section 1983.   Plaintiff was twice previously notified of the deficiencies in his claims and what was necessary to correct them and twice before given leave to amend.   The fact that he has twice failed to correct those deficiencies provides a reasonable basis for concluding he cannot.   No useful purpose would be served in repeating the process again. Further leave to amend is not warranted.   Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's action be dismissed for failure to state any claims under 42 U.S.C. § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.   The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.


Dated:   April 29, 2014          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE